[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO INTERVENE AND FOR ORDER
The movant, the law firm of Holland, Kaufmann Bartels, represented Mrs. Hill from June 11, 1992, until January 7, 1993. They claim $15,272.50 as a charging lien against Mrs. Hill, and seek to receive funds from the account set up until this dissolution matter is fully resolved. See Marsh, Day Calhoun v.Solomon, 204 Conn. 639, 644-45, 529 A.2d 702 (1987) (recognizing the rule in Connecticut that attorneys may have a lien on a judgment subject to the equitable rights of others).
The Practice Book does not mandate that the movant be joined as a party to the dissolution action. See Practice Book §§ 99, 100. The case law cited by movants is not dispositive in this case. The case of Gaudio v. Gaudio, 23 Conn. App. 287,580 A.2d 1212, cert. denied, 217 Conn. 803, 584 A.2d 471 (1991); involved a motion to intervene in a dissolution action by a party who was included in a count of collusion and fraudulent transfer concerning one of the assets allegedly owned by the husband. The case of Eriksen v. Eriksen, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 271254 (September 17, 1992, Bassick, J.); concerned a movant with a part interest in property of the husband. The wife claimed that the husband's assets included full ownership of the property, and the movant was joined to protect her interest in the property. The court, Bassick, J., granted the motion "so long as it [did] not interfere with the scheduled trial date." CT Page 3998
In Gaudio and Eriksen, the movants had direct interests in the marital assets in dispute. In the present case, the movant does not have a direct interest in the marital account.
The court approved the accounting on February 27, 1995. The distribution has subsequently been approved. To grant the motion to intervene would delay the conclusion of this dissolution. The movant may bring a separate action against Mrs. Hill to recover the fees, but there is no need to delay the disposition of the marital assets. The court, therefore, in its discretion, denies the motion to intervene.
ROMEO G. PETRONI, JUDGE